# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2020

Lyle W. Cayce
Clerk

No. 19-11225
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JUSTIN EDWARD MARTIN,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-118-1

Before JONES, BARKSDALE, AND STEWART, CIRCUIT JUDGES.

PER CURIAM:*

Justin Edward Martin pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to, *inter alia*, an above-Sentencing Guidelines term of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11225

120-months' imprisonment. (Martin's advisory Guidelines sentencing range was 92- to 115-months' imprisonment. His 120-month sentence reflected the statutory maximum, pursuant to 18 U.S.C. § 924(a)(2), for the § 922(g)(1) offense.) Martin challenges the substantive reasonableness of his sentence, claiming the court varied upward "based solely on [Martin's] past criminal conduct".

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As stated, the substantive reasonableness of Martin's 120-months' imprisonment is the sole issue. And, because Martin sought a sentence within or below his advisory Guidelines range in district court, he preserved his substantive-reasonableness challenge by "advocat[ing] for a sentence shorter than the one ultimately imposed". *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020).

A non-Guidelines sentence, as in this instance, is substantively unreasonable "where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors" in 18 U.S.C. § 3553(a). *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (citation omitted). "In reviewing a non-[G]uidelines sentence for substantive unreasonableness, [our] court will

2

consider the totality of the circumstances, including the extent of any variance from the Guidelines range, . . . to determine whether, as a matter of substance, the sentencing factors in [§] 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (first alteration in original) (internal quotation marks and citations omitted). That said, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance". *Broussard*, 669 F.3d at 551 (citation omitted).

The record at hand does not show the court failed to account for a significant sentencing factor, relied too heavily on an irrelevant or improper sentencing factor, or clearly erred in balancing sentencing factors. *See id.* (citation omitted). Accordingly, Martin's challenge amounts to a request for our court to reweigh the § 3553(a) factors, which we will not do given the district court's "superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam) (citation omitted); *see also United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) ("Though Appellant[] may disagree with how the district court balanced the § 3553(a) factors, [his contention] that these factors should have been weighed differently is not a sufficient ground for reversal." (citations omitted)). Additionally, the totality of the circumstances, including the extent of the variance (five months) and the § 3553(a) factors identified by the court (particularly the scope of Martin's criminal history, including his violent criminal history), support the sentence. *See Gerezano-Rosales*, 692 F.3d at 400 (citations omitted).

AFFIRMED.